UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFTON JACKSON, *Pro Se*, | ) | Case No.: 1:18 CV 476 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| BRIGHAM SLOAN, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On February 22, 2018, *Pro Se* Petitioner Clifton Jackson ("Petitioner" or "Jackson") filed a Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) pursuant to 28 U.S.C. § 2254 in the above-captioned case, challenging his conviction and sentencing for trafficking in drugs and possession of drugs. (ECF No. 1.) On February 12, 2014, Jackson was found guilty of trafficking in drugs, in violation of Ohio Rev. Code § 2925.03(A)(2), and possession of drugs, in violation of Ohio Rev. Code § 2925.11(A). On July 9, 2014, the trial court merged the possession and trafficking offenses for sentencing purposes, and sentenced Jackson to a term of eleven (11) years in prison. (ECF No. 1.)

In his Petition, Jackson argues, verbatim, that he is entitled to relief based on the following grounds:

**GROUND ONE:** Petitioner was denied effective assistance of counsel as guaranteed by the 6th and 14th Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, where his appellate counsel omitted a "dead bang winner," prejudicing Petitioner of receiving a full review by the Court.

**GROUND TWO:** Jackson's traffic stop exceeded the time needed to handle the matter for which the stop was made thereby violating Jackson's constitutional rights against unreasonable search and seizure.

**GROUND THREE**: Jackson was deprived of his due process right to a fair and impartial trial due to the Prosecutor withholding of "Brady material" critical to Jackson's defense and appellate counsel's failure to assign this error on appeal.

**GROUND FOUR**: Jackson was deprived of his right to a fair trial due to bias on the part of Common Pleas Court Judges "Edward Zaleski" and John Miraldi," in violation of his Sixth and Fourteenth Amendments to the United States Constitution, where at a Suppression hearing, Judge Zaleski added facts to the record which never actually occurred to justify denying on the record Jackson's Motion to Suppress.

**GROUND FIVE**: Jackson was deprived of effective assistance of counsel as counsel is guaranteed by the 6th and 14th Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, where trial counsel failed to request a decision on his request for Brady Materials needed to verify the LEADS and CAD reports of June 14, 2011, were available of both Trooper's cruisers and favorable to the defense.

**GROUND SIX**: Jackson's sentence for trafficking in drugs and possession of drugs violate the Double Jeopardy Clause protection guaranteed by the 5th and 14th Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

**GROUND SEVEN**: Jackson was denied Due Process of law when the prosecutor offered evidence of Defendant's exercise of his constitutional Rights.

**GROUND EIGHT**: Jackson was denied Due Process of Law when the court overruled his Motion to Dismiss based on the violation of Speedy Trial Statute.

**GROUND NINE**: Jackson was denied his Sixth Amendment Right to Present a Defense when the court would not either re-open the evidence to allow recall of witnesses or have witnesses recalled who testified during Jackson's absence.

> **GROUND TEN**: Jackson was denied his Constitutional Right to be present when the court commenced trial when the Defendant belatedly appeared on the second day of trial.
>
> **GROUND TEN**: Jackson was denied Due Process of Law when the court overruled his motion for Judgment of Acquittal.

(ECF No. 1.)

On May 16, 2018, Respondent Warden Brigham Sloan ("Respondent") filed a Motion to Dismiss the Petition, arguing that it is time-barred because Jackson did not file it within the one-year limitations period under 28 U.S.C. § 2244(d)(1)(A).[1] (ECF No. 8.) On July 3, 2018, Jackson filed his Traverse, arguing that his failure to timely appeal was due to him being frequently transferred between different state and federal institutions and his lack of legal training. (ECF No. 12.)

On September 28, 2018, Magistrate Judge Jonathan D. Greenberg ("Judge Greenberg") issued a Report and Recommendation ("R & R") (ECF No. 13), pursuant to Local Rule 72.2, recommending that the Respondent's Motion to Dismiss be granted, and the Petition be dismissed as time-barred. First, Judge Greenberg determined that Jackson's conviction became final on August 7, 2015, and the statute of limitations started and ran continuously until Jackson filed his Motion for Delayed Appeal on September 3, 2015. Thus, the statute of limitations was "tolled until the Supreme Court of Ohio denied Jackson's motion on October 28, 2015." (ECF No. 13.) The

---

[1] Section 2244(d)(1)(A) provides, in relevant part, that, for petitions filed pursuant to that section, "the limitation period shall run from the latest of the date on which judgment became final by the conclusion of direct review or expiration of the time for seeking such review." This means that, for direct criminal appeals, the one-year limitations period does not begin to run until all direct criminal appeals in the state system are concluded, followed by either the completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (ninety days) for filing for certiorari. *See Clay v. U.S.*, 537 U.S. 522, 528 n.3 (2003); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002); *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).

3

Sixth Circuit has explained that although the filing of a motion for delayed appeal may toll the running of a statute of limitations, "it does not cause the statute to begin running anew when the state court denie[s] the motion." (*Id.*) Therefore, Jackson's statute of limitations to file an Application to Reopen Appeal, pursuant to App. R. 26(B), was set to expire on October 3, 2016, one year after he filed his Motion for Delayed Appeal. (*Id.*) However, even though he was aware that he could file his Rule 26(B) Application in October 2015, he did not file it until January 17, 2017. (*Id.*) Thus, the appeal application had no tolling effect because it was filed well after the statute of limitations period had lapsed.

Next, Judge Greenberg concluded that unless equitable tolling was appropriate, Jackson's Petition should be dismissed as time-barred because Jackson did not file his Petition until February 22, 2018. (*Id.*) Judge Greenberg ultimately concluded that equitable tolling was inappropriate because (1) Jackson did not argue in his Petition or Traverse that he was entitled to equitable tolling; (2) he did not offer any explanation as to why he waited over a year to file his 26(B) Application when he was aware of such application in October 2015; and (3) Jackson did not offer any explanation as to why he waited until February 22, 2018, to file his § 2254 Habeas Petition. (*See id.* at PageID# 720.) The court had serious doubt as to whether Jackson "exercised sufficient diligence" in pursuing his rights. (*Id.*)

Finally, Judge Greenberg found that Jackson was not entitled to an actual innocence exception. He explained that while Jackson argued in his Petition that the two State Troopers, Christopher Beyer and Michael Trader's, testimonies against him weren't credible, the state appellate court opinion made clear that the troopers were subject to "extensive cross-examination regarding their actions during the June 4, 2011 traffic stop," and that Jackson's counsel extensively pointed out the inconsistencies in the troopers' testimonies. (*Id.* at PageID# 724.) Judge Greenberg

4

then concluded that while Jackson believes the jury erred in finding him guilty, he has not identified any new, reliable evidence of his actual innocence. (*Id.* at PageID# 723; *See Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Accordingly, Judge Greenberg recommends that the Petition be dismissed as time-barred.

On October 18, 2018, Jackson filed an Objection to Magistrate's R & R. (ECF No. 14.) However, Jackson does not raise any new arguments nor does he challenge the factual findings and legal conclusions in Judge Greenberg's R&R. He merely restates the arguments he proffered in his Petition and Traverse and asks this court to disregard the R & R. (*Id.*) In fact, Jackson "does not dispute [Judge Greenberg's] time-line of [his] court filing[s]" and, again, offers no explanation for his delay in filing his Petition. (*Id.*) Further, Jackson, does not offer any new evidence demonstrating that he is actually innocent in his Objection to Judge Greenberg's R & R.

Thus, it does not appear that Jackson is objecting to Judge Greenberg's factual and legal conclusions. He has only shown that he is dissatisfied with the outcome and request that this court conduct a *de novo* review. When there is no objection to a magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require the district court review of a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")

Therefore, after careful review of Judge Greenberg's R & R, and all other relevant documents in the record, the court finds no clear error. In the alternative, the court also finds, after *de novo* review of Judge Greenberg's R & R and all other relevant documents in the record, that his conclusions are fully supported by the record and controlling case law. Accordingly, the court

adopts Judge Greenberg's Report and Recommendation (ECF No. 13) in its entirety and hereby dismisses Jackson's Petition for Writ of Habeas Corpus. (ECF No. 1.) The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

    IT IS SO ORDERED.

    */s/ SOLOMON OLIVER, JR.*
    UNITED STATES DISTRICT JUDGE

November 27, 2018